06-15-00147-CR

RECEIVED IN
The Court of Appeals
Sixth District

AUG 1 4 2015

Texarkana, Texas
Debra Autrey, Clerk

Court Of Appeals
Clerk.
Debra K. AUTREY

July 29TH 2015

RE: Appellate Case No- 06-15-00059-CR
TRIAL COURT Case No- 28,919

Style: James Wayne Walsh
          V.
          STATE OF TEXAS

Mam / Clerk

Find endorsed a Copy of a letter I have Addressed to My Appellate Attorney, Mr. Jason A. Duff. I ask that you FILE this among the papers in My Appeal and bring to the Attention of the Court. My Concern is Related to a Point of ERROR I believe should be incorporated into My Brief and which I do Not want to waive. Due to My circumstances, I am unable to prepare the Necessary pleadings / brief and realize I am not entitled to hybrid representation. Never the less, because I am so Firmly convinced that the Brief should be amended, I ask that,

in the event My Attorney fails to timely apply, the Court Grant Leave and direct My Attorney to Amend My Appellate Brief as Requested by My Request accompanying this Letter.

Thanking You in advance for Your Assistance and acknowledgment, I Remain

Respectfully,

James Wayne Walsh
JAMES WAYNE WALSH

RECEIVED IN
The Court of Appeals
Sixth District

AUG 1 4 2015

Texarkana, Texas
Debra Autrey, Clerk

Jason A. Duff
Attorney At LAW

RE: Your Client James Wayne Walsh.
No. 28,899 in the 196TH Judicial
District Court. HUNT COUNTY
TEXAS on Appeal.

Sir This will acknowledge
Receipt of the Brief You have Filed on my
behalf. I certainly Agree that there was
Insufficient Evidence and that I should
have been acquitted by the JURY. However,
the Issue of Juror Misconduct regarding
the JUROR who Investigated and was
asked to Stand before the Trial Court. The
JUROR Testified that He had Engaged His
own Personal Investigation to Determine
Facts that were not in evidence which
were disclosed to Persons outside the
JURY and then disclosed to the other
Members of My Jury I Would think
that is very Crucial and Would also
have impacted the Jurys Ultimate
determination of Guilt. I would
also think that the three Justice

panel of the Court of Appeals would weigh this factor when considering the sufficiency of the Evidence. I do not want to waive the issue of jury misconduct which was a development and perfected in the record by the trial judge. I have reviewed the Courts charge to the jury at the bottom of pg. 3 where it instructs that;

During your deliberations in this case, you must not consider, discuss or relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any facts or person connected with this case which is not shown by the evidence and consider only evidence that has been introduced during this trial and reasonable inferences therefrom.

When the trial court was informed that one of the jurors had related facts and Evidence derived from his own independant investigation to the other jury panel Members and was verified by the trial Courts subsequent hearing on the Matter

then the error perfected at that stage of the proceeding. I believe, sufficiently preserved the point so that it was reversible error for the trial court to deny defense counsels motion for retrial.

In as much as this issue goes to what evidence may have infused the jury to its guilty verdict. I believe the Court of Appeals should at least have this issue before them when weighing the Legal sufficiency of the evidence.

I am left with the impression that the majority of Appeals that raise insufficient evidence claims are unsuccessful. This being because Appellate Courts are hesitant to act as the thirteenth or substitute jury to rendering acquittal or verdict contrary to that of the trial jury as all evidence is viewed in light of sustaining the jury verdict. But to allow this case to go before the Appellate Court on this ground without providing a full picture of the events — evidence inducing or verdict derived from jury misconduct — seems to place my case outside the

true nature of what occured at my trial.

In the final analysis, I am insisting (fervently asking) that you seek an extention of time and leave of the Court of Appeals to amend the brief and incorporate the issue into the facts and as a seperate point of error regarding jury misconduct.

I do not want to waive this issue just in case the Justices Disagree with the insufficiency claim. IN the overall scheme of things. I believe the incorperation of the Jury Mis-conduct issue will allow the Justices to better focus on the entire case so that if we lose on the insufficiency-claim and remedy of acquittal, at least the fundamental question of Jury misconduct may provide an avenue allowing for a new trial at which I can have a better opportunity to secure a jury acquittal.

Bottomline, I do not want to wave this issue of jury misconduct and am therefor requesting that you amend my brief and incorporate the

point of error. I am otherwise satisfied and extremely appreciative of your work and efforts performed in the preparation of the brief seeking my acquittal. I wholly and entirely agree that the jury verdict was not justified.

I look forward to receiving a copy of the "Amended Brief for Appellant", a copy of the "States Brief" for Appellee", and any rebuttal or reply Brief you may file in my behalf. I also note you have requested oral argument. Thank you.

Sincerly,

James Wayne Walsh
JAMES WAYNE WALSH